# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| KASEY ANDERSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. |
| | ) |
| EQUIPMENTSHARE.COM, INC., | ) |
| Serve Registered Agent: | ) |
| C T CORPORATION SYSTEM | ) |
| 120 S Clayton Avenue | ) |
| Clayton, Missouri 63105 | ) |
| | ) |
|     Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff Kasey Anderson, by and through the undersigned counsel of record, and for her Complaint against Defendant EquipmentShare.com, Inc. hereby states and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e *et seq.* Defendant unlawfully discriminated against Plaintiff Kasey Anderson in the terms and conditions of her employment on the basis of her sex and retaliated against her for reporting complaints of sex discrimination and retaliation.

## THE PARTIES

2. Plaintiff Kasey Anderson ("Plaintiff") resides in Kansas City, Jackson County, Missouri.

3. Defendant EquipmentShare.com, Inc. (hereinafter "Defendant") located in the State of Missouri and is responsible for the employment discrimination and sexual harassment of Plaintiff. Defendant canbe served through its Registered Agent at C T Corporation System, 120 S Clayton Avenue, Clayton, Missouri 63105.

## JURISDICTION AND VENUE

4. Original federal question jurisdiction over this suit is conferred on this Court by 28 U.S.C §§ 1331 as it is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the unlawful employment practices occurred in and around Kansas City, Jackson County, Missouri, and where Plaintiff suffered the unlawful employment practices and the resultant damages.

6. All conditions precedent to jurisdiction have occurred or been complied, in that Plaintiff filed her administrative charge in a timely manner with the Equal Employment Opportunity Commission ("EEOC"). A copy of the charge is attached hereto as Exhibit A.

7. The EEOC issued Plaintiff a Notice of Right to Sue and this lawsuit if filed within ninety (90) days of issuance. A copy of the Right to Sue is attached as Exhibit B.

## GENERAL ALLEGATIONS

8. Plaintiff began her employment with EquipmentShare.com, Inc. on November 5, 2018.

9. As a female employee, Plaintiff was promoted through a variety of positions before being named as the Manager of the newly created Customer SuccessTeam for EquipmentShare.com, Inc.'s T3 department in approximately January of 2022.

10. Kris Dunn, a male co- employee who held the title of Director of T3 Sales, was the person who promoted Plaintiff and was Plaintiff's direct supervisor at that time.

11. When Plaintiff was promoted to Manager of the Customer Success Team, Plaintiff was tasked with creating processes, systems and metrics for the Customer Success Team and hiring additional team members.

12. At the time of Plaintiff's termination, Plaintiff was managing two teams of employees,

with approximately 30 employees between the two teams.

13. Previously, Plaintiff expressed interest to her supervisor in becoming the Director of Customer Success and Sales Success.

14. Sometime during the 2nd or 3rd quarter of 2022; however, Jerry Lasley, a male co-employee, was named as Director of Customer Success and Sales Success and became Plaintiff's direct supervisor.

15. At that point, Mr. Lasley reported directly to Kris Dunn, instead of Plaintiff.

16. Plaintiff believes that a motivating factor in Mr. Lasley being named as Director, instead of Plaintiff, was that he was male and Plaintiff was female.

17. Mr. Lasley was named Director of Customer Success and Sales Success, despite being removed as Director of Sales for not meeting goals set by Equipmentshare.com, Inc. for him as Director of Sales.

18. Another immediate issue with his promotion was that his son, Gabriel Lasley, became his subordinate in his new position.

19. Plaintiff expressed her concerns about Mr. Lasley's new role with Kris Dunn, but no significant action was taken based on Plaintiff's concerns.

20. Jerry Lasley was replaced as Director of Sales by another male co-employee, Jesse Johnsey.

21. Instead of directing and aiding Plaintiff in managing the Customer Success Teams, Mr. Lasley spent the majority of his time focused on Jesse Johnsey's sales metrics and finding fault in how he performed as the Director of Sales.

22. During the time Mr. Lasley was Plaintiff's direct supervisor, his reviews and critiques

of Plaintiff's performance were directed at issues that Plaintiff does not believe would have been addressed had Plaintiff been male.

23. For example, he also refused to allow Plaintiff to address certain personnel issues with male employees because he believed that the information would be received better from a male perspective.

24. Throughout Plaintiff's employment, Plaintiff felt as though she was treated differently as a female than similarly situated male co-employees.

25. Plaintiff witnessed male supervisory co-employees take inappropriate and discriminatory actions, without being disciplined or terminated, while Plaintiff along with female employees were disciplined for lesser "workplace issues."

26. In early 2023, Kris Dunn asked if Plaintiff would be interested in becoming the Director of Customer Success and Sales Success.

27. Mr. Dunn told Plaintiff that he wanted to promote Plaintiff into that role, along with rewarding her with a raise in salary, stock options and bonus potential based on sales performance.

28. Shortly afterward, Kris Dunn then asked about Plaintiff's interest in moving into Jerry Lasley's Director role following his departure from the company.

29. He reiterated that he would be promoting Plaintiff to replace Mr. Lasley as Director, but that he wanted to wait a few weeks for the "dust to settle."

30. On March 31, 2023, Plaintiff again asked Kris Dunn about the promotion.

31. Prior to Plaintiff's termination on August 2, 2023, she was never promoted into the Director of Customer Success and Sales Success.

32. Throughout Plaintiff's employment, Plaintiff was paid less than similarly-situated male employees and promised promotions, salary increases and other benefits that were provided to male employees, but never granted to Plaintiff.

33. In April of 2023, while interviewing candidates for a position that was commiserate with, or lesser than, Plaintiff's position in terms of responsibility, Plaintiff confirmed the pay disparity between similarly-situated male and female employees.

34. When Plaintiff brought her concerns about pay equality to Kris Dunn and Human Resources, it did not result in Plaintiff obtaining equal pay to similarly-situated male co-employees.

35. In July of 2023, Plaintiff informed Kris Dunn of a number of troubling incidents and/or issues related to Jesse Johnsey.

36. Including, without limitation, Mr. Johnsey acting disrespectfully to a female employee on Plaintiff's team and financial discrepancies that Plaintiff had discovered while auditing customer accounts.

37. To Plaintiff's knowledge, Mr. Johnsey was never disciplined as a result of these incidents.

38. Instead, Plaintiff, along with other co-employees who were critical of Mr. Johnsey's job performance, have been terminated.

39. On August 2, 2023, Kris Dunn and a representative from Human Resources called Plaintiff and terminated her employment with Equipmentshare.com, Inc.

40. Defendant's Human Resources informed Plaintiff that they had reviewed her leadership style extensively and determined that Plaintiff's style did not align with

Equipmentshare.com, Inc.'s values.

41. The stated reason for Plaintiff's termination was pretextual.

42. Plaintiff was terminated because she is a female and in retaliation for raising issues to Equipmentshare.com, Inc. leadership regarding, without limitation: equal treatment of male and female employees; equal pay for male and female employees performing substantially similar roles for Equipmentshare.com, Inc.; and for reporting concerns regarding Mr. Johnsey's disrespectful and discriminatory treatment of female co-employees and unethical manner in which he billed Equipmentshare.com, Inc. customers inorder to inflate his income from sales commissions.

43. As a result of Equipmentshare.com, Inc.'s discriminatory and retaliatory actions directed at Plaintiff, she has suffered economic and non-economic damages, including, withoutlimitation, loss of income, loss of stock options, and emotional and mental distress and anguish.

44. Throughout Plaintiff's employment, the employees of Defendants listed herein failed to prevent or correct the harassment and discriminatory behavior from occurring and instead retaliated against Plaintiff.

45. At all times relevant herein, the above-named individuals were agents, servants and employees of Defendant and were at all times acting within the scope and course of their agency and employment, or their actions were expressly authorized and ratified by Defendant. Therefore,Defendant is liable for the actions of said persons and/or perpetrators under all theories pled herein.

# COUNT I:
# SEX DISCRIMINATION – TITLE VII
# AGAINST DEFENDANT

46. Plaintiff reasserts the allegations set forth in the foregoing paragraphs as if fully set forth herein.

47. Defendant discriminated against Plaintiff in the terms and conditions of her employment.

48. Defendant's conduct constitutes intentional discrimination on the basis of sex with malice and disregard of Plaintiff's rights.

49. Defendant's conduct constitutes disparate treatment and intentional discrimination of Plaintiff based on sex.

50. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future loss of wages and benefits, lost value of anticipated retirement benefits, detrimental job record, career damage, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other nonpecuniary losses.

51. The conduct of Defendant was intentional, malicious, in conscious disregard for the rights of Plaintiff and others similarly situated and reflected a conscious indifference to Plaintiff's federally protected rights, entitling Plaintiff to an award of punitive damages.

52. Plaintiff is entitled to recover all of her costs, expenses, expert witness fees and attorneys' fees incurred in this matter as well as other appropriate, including equitable, relief.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages, compensatory and punitive damages, all costs, expenses and attorneys' fees incurred herein, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

# COUNT II:
# RETALIATION-TITLE VII
# AGAINST DEFENDANT

53. Plaintiff reasserts the allegations set forth in the foregoing paragraphs as if fully set forth herein.

54. Plaintiff engaged in protected activity by reporting and opposing conduct made unlawful by Title VII as described above, including complaining of sex discrimination and harassment to which she was being subjected.

55. Plaintiff suffered adverse employment action in that she was terminated from employmentafter she complained about sex discrimination and harassment.

56. As a result of and in retaliation for engaging in the protected activities described above, Plaintiff was subjected to adverse employment actions.

57. In retaliation for Plaintiff's protected activities, Defendant terminated Plaintiff.

58. There is a causal connection between Plaintiff's exercise of protected activity and her termination.

59. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and futureloss of wages and benefits, lost value of anticipated retirement benefits, detrimental job record, career damage, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other nonpecuniary losses.

60. The conduct of Defendant was intentional, malicious, in conscious disregard for the rightsof Plaintiff and others similarly situated and reflected a conscious indifference to Plaintiff's federally protected rights, entitling Plaintiff to an award of punitive damages.

61. Plaintiff is entitled to recover all of her costs, expenses, and attorneys' fees incurred in

thismatter as well as other appropriate, including equitable, relief.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages, compensatory and punitive damages, all costs, expenses, expert witness fees and attorneys' fees incurred herein, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury.

Respectfully submitted,

**LAUREN ALLEN, LLC**

By: */s/ Lauren Perkins Allen*
Lauren Perkins Allen #49845
4717 Grand Avenue, Suite 130
Kansas City, Missouri 64112
Telephone: 816.877.8120
Facsimile: 816.817.1120
Email: lpa@laurenallenllc.com

NORTH KC LAW
Erik P. Klinkenborg         #49670
Jonathan Buschmann     #56804
1236 Swift Avenue
North Kansas City, MO 64116
Phone: (816) 472-4440
Fax:    (816) 472-4442
erik@northkclaw.com
jonathan@northkclaw.com

**ATTORNEYS FOR PLAINTIFF**

**Plaintiff designates the place of
trialas Kansas City, Missouri.**